AMERICAN COMMERCIAL BARGE LINE COMPANY, and Mississippi Valley Barge Line Company, Plaintiffs,

v.

EASTERN GAS AND FUEL ASSOCIATES, Howard Butcher, III, Paul C. Cabot, Charles A. Coolidge, Leo F. Daley, E. M. Farnsworth, David Finkelstein, Henry W. Hills, C. B. Houston, II, R. W. Kurtz, Halfdan Lee, Thomas A. Passas, H. S. Payson Rowe, R. P. Tibolt, J. W. Tyson, II, as they are Trustees of Eastern Gas and Fuel Associates, Midland Enterprises, Inc., and The Ohio River Company, Defendants.

Civ. A. No. 4847.

United States District Court
S. D. Ohio.
April 23, 1962.

Philip J. Schneider of Waite, Schindel, Bayless & Schneider, Cincinnati, Ohio, Arthur L. Winn, Jr., and James M. Henderson of LaRoe, Winn & Moerman, Harry C. Ames, of Ames, Hill & Ames, Howard Adler, Jr., of Bergson & Borkland, Washington, D. C., for plaintiffs.

Starbuck Smith, Jr., and Robert P. Goldman of Paxton & Seasongood, Cincinnati, Ohio, Warren F. Farr, of Ropes & Gray, Boston, Mass., John Ladd Dean, of Hahn, Loeser, Keough, Friedham & Dean, Cleveland, Ohio, for defendants.

DRUFFEL, District Judge.

1. This matter comes before this Court on the Motion to Dismiss filed herein by the defendants, Eastern Gas and Fuel Associates, Midland Enterprises Inc. and the Ohio River Company on the grounds:

(1) That the Amended Complaint raises issues within the primary and exclusive jurisdiction of the Interstate Commerce Commission under Section 5 of the Interstate Commerce Act (49 U.S.C.A. § 5).

(2) That the Amended Complaint fails to state a claim against defendants on which relief can be granted.

2. In addition to the Amended Complaint the Court had under consideration, in connection with the Motion to Dismiss, the affidavit of Eli Goldston, dated December 2, 1961, which had attached thereto the Petition for Discovery filed by the plaintiffs herein before the Interstate Commerce Commission in Finance Docket No. 21602, the Joint Application of Norfolk and Western Railway Company and the Chesapeake and Ohio Railway Company under Section 5(14) (16) of the Interstate Commerce Act; the affidavit of James M. Henderson, dated December 29, 1961, which had attached thereto the Answer of Norfolk and Western and Chesapeake and Ohio Railway Companies to Petition for Discovery filed on November 24, 1961 in the same proceeding before the Interstate Commerce Commission; the Plan and Agreement of Reorganization between Eastern Gas and Fuel Associates and Midland Enterprises Inc., dated June 1, 1961, filed as Appendix A to the Affidavit of William A. Kernan in support of Plaintiffs' Motion for Temporary Restraining Order and for Preliminary Injunction; and the order of the Interstate Commerce Commission in Finance Docket No. 21602 entitled "In the Matter of Petition for Discovery" dated January 24, 1962, attached to Plaintiffs' Reply Memorandum to Defendants' Supplemental Memorandum In Support of Motion to Dismiss.

3. As this matter arises on a Motion to Dismiss, the Findings of Fact herein are based merely on the allegations of plaintiffs' Amended Complaint, as supplemented by the aforesaid affidavits and exhibits attached thereto, and are made for the purpose of determining this Motion only.

4. Norfolk and Western Railway Company and Chesapeake and Ohio Railway Company have applied to the Interstate Commerce Commission for permission to acquire, own, control and operate the water carrier properties of Island Creek Fuel & Transportation Company (Interstate Commerce Commission Finance Docket No. 21602). Said application is still pending before the Interstate Commerce Commission and has not yet been disposed of by the Commission.

5. Plaintiffs herein intervened in said proceeding and filed therein the Petition for Discovery attached to the aforesaid affidavit of Eli Goldston. Chesapeake and Ohio Railway Company and Norfolk and Western Railway Company filed therein the Answer to Petition for Discovery attached to the aforesaid affidavit of James M. Henderson.

6. The acquisition by Eastern Gas and Fuel Associates of substantially all the properties of Midland Enterprises Inc. on August 26, 1961 was not approved by the Interstate Commerce Commission and no application for such approval has been made to the Commission.

7. Through the aforesaid Petition for Discovery, containing a copy of the Amended Complaint in this action, plaintiffs have brought to the attention of the Interstate Commerce Commission the acquisition by Eastern Gas and Fuel Associates of substantially all the properties of Midland Enterprises Inc. and the charge in the Amended Complaint that said acquisition is unlawful in itself and is an integral part of an overall conspiracy between the applicant railroads and the defendants in this action.

## CONCLUSIONS OF LAW

1. The allegations of the Amended Complaint with respect to the acquisition by Eastern Gas and Fuel Associates of substantially all of the properties and assets of defendant Midland Enterprises Inc. on August 26, 1961 raise issues of fact within the jurisdiction of the Interstate Commerce Commission.

2. The allegations of the Amended Complaint with respect to the proposed acquisition by Norfolk and Western Railway and Chesapeake and Ohio Railway of the water carrier properties of Island Creek Fuel and Transportation Company raise issues of fact within the jurisdiction of the Interstate Commerce Commission.

3. When charges of a violation of the antitrust laws involve issues within the jurisdiction of an administrative agency such as the Interstate Commerce Commission, a court will not adjudicate such charges until the issues have been passed upon by the administrative agency.

4. If an administrative agency such as the Interstate Commerce Commission has jurisdiction to deal with issues of fact raised in an action before the court, the doctrine of primary jurisdiction applies regardless of whether the agency's jurisdiction has already been invoked.

5. An action cannot properly be brought by a private litigant under Section 16 of the Clayton Act, 15 U.S.C.A. § 26 for divestiture of assets allegedly acquired in violation of the antitrust laws.

6. Defendants' Motion to Dismiss should be granted and plaintiffs' Amended Complaint should be dismissed, and costs in this case taxed against plaintiffs.